PER CURIAM:
Claimant brought this action for damage sustained to her vehicle when it went into a hole while traveling southbound on Route 19, five to eight miles south of exit 57, near mile post 5. Route 19 is a road maintained by respondent in Nicholas County. The Court is of the opinion to make an award in this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on February 24, 1998, at approximately 10:30 to 11:00 a.m. On the snowy morning in question, claimant was proceeding from her residence in Elkins southbound on Route 19 to a nursing home in Fayette County for her employment. She was traveling at a speed of about forty-five to fifty miles per hour. Route 19 is a two lane highway with a speed limit of fifty-five miles per hour that was under construction at the time of the incident. At the location in question, respondent had installed concrete barriers on the right side of the road, and oncoming traffic was directed to the left of claimant. According to claimant, there was no room to maneuver a vehicle nor were there lines marking the pavement boundaries. Unbeknownst to claimant, there was large hole in her lane of travel which was approximately eighteen inches deep.
Claimant often travels this road in the same direction for her job. However, on prior occasions, claimant never noticed a hole in the road. As claimant’s 1993 Toyota Corolla made its way along Route 19, the vehicle’s driver side front wheel went into the hole on the road. Claimant asserted that even if she had seen the hole, she would not have been able to avoid it because of oncoming traffic. The impact bent the rim, causing a air-leak in the tire and a hubcap to be lost. On March 19, 1999, claimant had work done on the wheel rim to repair the air-leak. However, the repairs did not alleviate the problem. Claimant had to keep putting air in the tire until she could get the tire replaced on March 23, 1999. In addition, the vehicle required realignment. The resulting loss incurred by claimant was in the amount of $260.95. Claimant’s motor vehicle insurance policy has a deductible feature of $500.00.
The position of respondent was that there was ongoing construction on Route 19 for twenty-six miles at the time of this incident. Respondent’s employees were familiar with the defective condition of Route 19, and knew that it was a substantial hole. The contractor for the Route 19 project, Geupel Construction Company, Inc., which was under a “save harmless” obligation to respondent, was in between two projects switching traffic and did not anticipate paving Route 19 until spring. However, respondent acknowledged that Route 19 could have been patched in the meantime until the spring paving could be accomplished.
The well established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, claimant must prove that respondent had actual or *125 constructive notice. Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985); Harmon vs. Dept. of Highways, 16 Ct. Cl. 127 (1986).
In this present claim, the evidence established that respondent had actual notice about the hazardous condition of Route 19 in Nicholas County. As this Court stated in Bailey vs. Div. of Highways (CC-98-146, unpublished opinion issued September 8, 1999), respondent had employees at the construction site responsible for supervising the actions of the contractor with regard to the safety of the traveling public. Respondent had an obligation and a duty to assure that the Route 19 construction s ite w as m aintained in a p roper m anner s uch t hat it did n ot p ose a hazard to the traveling public. The Court is of the opinion that respondent’s employees at the construction site are responsible for supervising the actions of the contractor, and, that on the date of the incident herein, did not take reasonable steps to ensure the safety of travelers upon Route 19. The failure of respondent’s employees to supervise the contractor properly constitutes negligence for which claimant may recover her loss.
The “save harmless” clause relied upon by respondent is not applicable in a claim of this nature as there is no privity between claimant, a third party, and the parties to the construction contract.
In view of the foregoing, the Court is of the opinion to and does make an award to claimant in the amount of $260.95.
Award of $260.95